# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY JACK, et al.,

  Plaintiff,    :  Case No. 3:05-cv-125

             District Judge Thomas M. Rose
             Magistrate Judge Sharon L. Ovington

 -vs-           Magistrate Judge Michael R. Merz
              (mediation only)
            :

ALLIED SYSTEMS, LTD., et al.,

  Defendants.

## ORDER

  This case is before the Court on Motions to excuse personal attendance by representatives at mediation by Defendants Vulcan Chain Corporation (Doc. No. 187), Columbus McKinnon Corporation (Doc. No. 188), Allied Automotive Group, Allied Systems, Ltd., Commercial Carriers, Inc., and GACS Incorporated (Doc. No. 189). Magistrate Judge Ovington has agreed that, because the Motions are ancillary to the mediation, they should be decided by Magistrate Judge Merz.

  The Court was surprised by the Motions because it had been represented to the Court that the parties believed it was important to conduct this mediation in January and January 13, 2010, was an available date.

  Be that as it may, the Motions are all denied for failure to comply with S. D. Ohio Civ. R. 7.3, without prejudice to their renewal after compliance.

  As guidance to the parties should they renew the Motions, the Court notes that mediation statements have now been exchanged by the parties. In their Mediation Statement, Plaintiffs repeat

a demand they made in February, 2009, for a stated amount of money to be paid in cash within two weeks of agreement, net of any liens. The Court will only approve any renewed motions to excuse personal attendance if the person actually attending the mediation has "authority to commit the party to pay, in the representative's own discretion, a settlement amount equal to the opposing party's prayer or last offer, whichever is less." (Order for Court-Conducted Mediation, Doc. No. 186, at ¶2.) In the instant Motions, the moving parties have represented in more or less identical language that the person participating in person will have "full settlement authority." The Court wishes to make sure all parties understand the meaning of full settlement authority as set forth in the Order for Court Conducted Mediation. If the parties are not able to provide a representative with the required authority on January 13, 2010, the Court will entertain a suggestion to reschedule. If any party does not wish to engage in mediation under those terms, the Court reminds all parties that mediation is completely voluntary and the Court is prepared to vacate the Order for Court-Conducted Mediation if any party is not prepared to enter negotiations on the terms suggested by the mediation statements which have now been exchanged.

January 7, 2010.

                                              s/ **Michael R. Merz**
                                            United States Magistrate Judge